IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            v.                                      19-CR-6195

WILLIAM SMITH,

            Defendant.

## PLEA AGREEMENT

UNITED STATES DISTRICT COURT
FILED
DEC 1 9 2019
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

The defendant, WILLIAM SMITH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of firearm), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant will also admit the Forfeiture Allegation contained in the Information which alleges that one (1) Savage Arms, Model 110, 30-06 caliber rifle, bearing serial number F080817; and one (1) Winchester, Model 37, 12 gauge shotgun, bearing no serial number, are subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c).

1

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

4.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that the defendant knowingly possessed a firearm, as charged in the Information;

Second, at the time the defendant possessed the firearm, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

Third, at the time the defendant possessed the firearm, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, that the possession of the firearm was in or affecting commerce.

## FACTUAL BASIS

5.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.      On or about June 15, 2019, in the Western District of New York, the defendant, **WILLIAM SMITH**, knowingly, intentionally, and

2

unlawfully possessed firearms, namely, one (1)  Savage Arms, Model 110, 30-06 caliber rifle, bearing serial number F080817; and one (1) Winchester, Model 37, 12 gauge shotgun, bearing no serial number. Specifically, the defendant possessed said firearms in the basement of his residence at 72 Midland Avenue, Rochester, New York.

b.    On or about September 7, 2007, the defendant, **WILLIAM SMITH**, was convicted in County Court, Monroe County, New York, of a crime punishable by imprisonment for a term exceeding one year, namely, Criminal Possession of a Controlled Substance in the Fifth Degree, a class D felony, for which the defendant was sentenced to one year of imprisonment. Also, on or about March 17, 2011, the defendant was convicted in County Court, Monroe County, New York, of crimes punishable by imprisonment for a term exceeding one year, namely, Criminal Possession of a Controlled Substance in the Third Degree, a class B felony, and Criminal Possession of a Weapon in the Second Degree, a class C felony, for which the defendant was sentenced to seven years of imprisonment and five years of post-release supervision. The defendant admits that he knew of these previous felony convictions – and the fact that the convictions were punishable by a term of imprisonment exceeding one year – at the time he possessed the above-described firearms.

c.    Neither the State of New York, nor any other government authority has restored the rights of the defendant to lawfully possess a firearm.

d.    The above-referenced firearms were manufactured outside the state of New York and, therefore, had previously traveled in and affected interstate commerce. As a result, the defendant's possession of the above-referenced firearms was in and affecting commerce.

## III.   SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.    The government and the defendant agree that Guidelines § 2K2.1(a)(4)(A) applies to the offense of conviction and provides for a base offense level of 20.

## ACCEPTANCE OF RESPONSIBILITY

8.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

9.     It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.     It is the understanding of the government and the defendant that, with a total offense level of **17** and a criminal history category of **III**, the defendant's sentencing range would be a term of imprisonment of **30 to 37** months, a fine of **$10,000** to **$95,000**, and a period of supervised release of **1 to 3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11.     The government agrees not to oppose a request under Guidelines Section 5G1.3(d) that the Court impose the sentence in this case to run concurrently to any

4

undischarged sentence of imprisonment imposed for a parole violation related to Warrant No. 819304 pending in Monroe County, County Court, Rochester, New York.

12.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court or because of the imposition of the sentence of imprisonment concurrently, partially concurrently, consecutively, or partially consecutively with any undischarged term of imprisonment being served by the defendant.

## IV.   STATUTE OF LIMITATIONS

14.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense, which

5

is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or the vacating of the conviction becomes final.

## V.  REMOVAL

15.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  GOVERNMENT RIGHTS AND RESERVATIONS

16.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement, including the amount of fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.    At sentencing, the government will move to dismiss Criminal Complaint 19-MJ-654 pending against the defendant.

18.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

19.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

### FIREARMS FORFEITURE

22.    The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes:

    a.    one (1) Savage Arms, Model 110, 30-06 caliber rifle, bearing serial number F080817; and

    b.    one (1) Winchester, Model 37, 12 gauge shotgun, bearing no serial number.

23.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

24.    The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

25.    The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

26.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survives and shall be given full force and effect.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

27.     This plea agreement represents the total agreement between the defendant, WILLIAM SMITH, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
KATELYN M. HARTFORD
Assistant U.S. Attorney

Dated: December 19, 2019


I have read this agreement, which consists of pages 1 through 10. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey L. Ciccone, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


_____
WILLIAM SMITH
Defendant

Dated: December 19, 2019


_____
JEFFREY L. CICCONE, ESQ.
Attorney for the Defendant

Dated: December 19, 2019


10